# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JESSE CHARLES ADAMS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   12-cv-4091 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Respondent filed a Response (Doc. 10) and Petitioner filed a Reply (Doc. 14). On July 26, 2013, Petitioner filed a Motion to Supplement Petition (Doc. 19). For the reasons stated below, Petitioner's Motion to Supplement Petition is granted, but the § 2255 Motion is denied.

## BACKGROUND

Petitioner was arrested on June 13, 2006, after police officers responded to a disorderly conduct complaint in East Moline, Illinois. (06-cr-40081, Doc. 102 at 4-8). While Petitioner was in the police station, a confidential source revealed that Petitioner had drugs in his rectal area. (*Id.* at 18). Police conducted a search of Petitioner but he refused to show his rectal area. (*Id.* at 19-20). Officer Broderson left the room briefly and returned to discover Petitioner holding two feces-covered plastic bags, which were found to contain crack cocaine. (*Id.* at 20-21).

On August 17, 2006, Petitioner was charged with possession with intent to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), in criminal case number 06-cr-40081. (06-cr-40081, Doc. 6). On October 3, 2006, Petitioner filed, through his counsel, a Motion to Suppress Evidence, seeking to suppress the controlled substances seized from him and all statements made by him to the police officers at the time of his arrest on June 13, 2006. (06-cr-40081, Doc. 11). Following an evidentiary hearing on January 18, 2007, the court found that probable cause to arrest and search Petitioner existed, so there was no Fourth Amendment violation. (06-cr-40081, Doc. 106).

On April 18, 2007, a grand jury charged Petitioner, in a Superseding Indictment, with the following two counts: (1) possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and (2) conspiracy to distribute fifty grams or more of crack cocaine from at least 2001 through at least June 13, 2006, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (06-cr-40081, Doc. 18). On July 20, 2007, the prosecutor filed a notice of intent to rely upon prior felony drug convictions for sentencing enhancement pursuant to 21 U.S.C. § 851(a)(1), listing four past drug convictions.[1] (06-cr-40081, Doc. 26).

---

[1] The four convictions are: 1) On March 6, 1998, Petitioner was convicted of Distribution of a Controlled Substance, and was sentenced to 30 days of incarceration and 30 months of probation; 2) On January 28, 2003, Petitioner was convicted of Possession of a Controlled Substance, and was sentenced to 2 years of imprisonment; 3) On August 19, 2004, Petitioner was convicted of Possession of a Controlled Substance, and was sentenced to 180 days incarceration and 24 months of probation; and 4) On March 30, 2005, Petitioner was convicted of possession of a Controlled Substance, and was sentenced to 2 years of imprisonment. (06-cr-40081,

The case proceeded to trial. At trial, the parties made stipulations as to the results of fingerprint analysis, the contents of the drug evidence, and the dates of Petitioner's prior incarcerations. (06-cr-40081, Doc. 80, 81, 82). Following a jury trial in August 2008 before this Court, Petitioner was found guilty of both charges. (06-cr-40081, Doc. 88). On December 5, 2008, Petitioner was sentenced to 151 months for Count I and a term of life for Count II, both to run concurrently. (06-cr-40081, Doc. 93).

On December 10, 2008, Petitioner appealed to the Seventh Circuit, raising the following issues:

> (1) whether the district court improperly admitted testimony regarding three earlier drug-related events in violation of Rule 404(b); (2) whether the district court erred in admitting testimony related to a non-testifying 'confidential source' in violation of [his] Sixth Amendment right of confrontation; (3) whether the prosecutor's vouching for a witness denied [him] a fair trial; and (4) whether any errors resulted in cumulative error.

*United States v. Adams*, 628 F.3d 407, 411 (7th Cir. 2010). The Seventh Circuit affirmed his conviction and held that: (1) the district court property admitted the evidence of Petitioner's prior arrests as direct evidence of the charged conspiracy; (2) the district court erred in admitting police officers' testimonies related to non-testifying confidential informant's statements but the error was harmless; (3) the prosecutor's improper comment on a witness during closing arguments did not deprive Petitioner of a fair trial; and (4) none of the asserted errors, either individually or cumulatively, would have affected the jury's result. *Id.* at 411-12.

---

Doc. 26). According to the presentence report, the 2003, 2004, and 2005 convictions are all for possession of crack cocaine. (06-cr-40081, Doc. 91 at 12-14).

Petitioner filed a Petition for Writ of Certiorari with the Supreme Court, which was denied on October 3, 2011. *Adams v. United States*, 132 S. Ct. 201 (2011).

On October 2, 2012, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentences, raising the following grounds for relief: 1) his sentence was improperly enhanced under 21 U.S.C. § 841 based on prior possession offenses that should not have qualified, 2) the double assessment ordered for the two offenses violate the Double Jeopardy Clause because the sentences were ordered to run concurrently, 3) the Court violated the Speedy Trial Act, 4) his trial counsel provided ineffective assistance based on a number of alleged errors on his counsel's part, 5) Petitioner was not on notice of the criminal conduct prohibited by the statute under which he was convicted, 6) Petitioner's appellate counsel also provided ineffective assistance for failure to raise ground one on appeal, and 7) his trial counsel operated under a conflict of interest.[2]  (Doc. 1 at 4-5, 7-15, 18, 20). On October 5, 2012, this Court found Petitioner's double assessment claim plainly meritless and dismissed it. (Doc. 4). The Court also ordered Petitioner to provide additional information related to one of his ineffective assistance of counsel claims based on failure to object to hearsay evidence. (Doc. 4 at 3). Petitioner filed a Supplement to his Motion citing specific pages of the transcript containing the

---

[2] Petitioner raised numerous claims in this Motion, most of which were not clearly stated. The Court construes the pro se Motion liberally and attempts to address all of the arguments raised. However, to the extent any argument is overlooked, the Court is not required to construct arguments for Petitioner. It is well-settled that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991). "While the courts liberally construe pro se pleadings as a matter of course, *see Haines v. Kerner*, 404 U.S. 519 (1972), judges are not also required to construct a party's legal arguments for him." *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

testimony to which he claims his counsel should have objected. (Doc. 6). Additionally, on July 26, 2013, Petitioner filed a Motion to Amend/Supplement Petition (Doc. 19), in which he challenges the sentencing enhancement, relying on the recent Supreme Court case *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Petitioner's claims will be addressed in turnbelow.

## DISCUSSION

A sentence may be vacated, set aside, or corrected pursuant to § 2255 if the sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Thus, § 2255 is limited to correcting errors of a constitutional or jurisdictional magnitude or errors constituting a fundamental defect that results in a complete miscarriage of justice. *E.g., Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

"A § 2255 motion is not a substitute for a direct appeal." *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003). As a result, three types of issues may not be raised in a § 2255 petition:

> (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. However, an ineffective assistance of counsel claim may be raised in a § 2255 motion regardless of whether it could have been raised on appeal, and is not subject to procedural default analysis. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

## I.   Sentence Enhancements

### A. Section 841 Enhancement

Petitioner received an enhanced sentence under 21 U.S.C. § 841 based on his prior convictions for possession of controlled substances, as listed above. Petitioner argues that the enhancement to life imprisonment was improper because his prior convictions should not qualify as felony drug offenses for purposes of 21 U.S.C. § 841(b)(1)(A). (Doc. 1 at 4). Specifically, he alleges that the 1998 conviction was not his, but rather belonged to his father who has the same name, and that the other three convictions for possession of controlled substances were not punishable under 21 U.S.C. § 841. (Doc. 13 at 1; Doc.1 at 4). This claim likely is procedurally barred because it is a non-constitutional issue that could have been but was not raised on direct appeal. *Belford*, 975 F.2d at 313. However, because Petitioner also raises ineffective assistance of counsel in connection with this issue, the Court will address the merits of this claim to aid the later analysis. (Doc. 1 at 14).

Under 21 U.S.C. § 841(b)(1)(A), imposition of a life imprisonment sentence for conspiracy to distribute more than fifty grams[3] of cocaine base is proper where defendant had two or more prior convictions for "felony drug offense[s]." 21 U.S.C. § 841(b)(1)(A). The term "felony drug offense" is exclusively defined by 21 U.S.C.

---

[3] At all relevant times, the weight was fifty grams. Since then, the statute has been amended.

§ 802(44) as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44); *see Burgess v. United States*, 553 U.S. 124, 126 (2008). Thus, "[a] state drug offense punishable by more than one year . . . qualifies as a 'felony drug offense,' even if state law classifies the offense as a misdemeanor." *Burgess*, 553 U.S. at 127.

Only two prior convictions are required under 21 U.S.C. § 841(b)(1)(A) to mandate a life sentence. 21 U.S.C. § 841(b)(1)(A). As the government acknowledged in Petitioner's presentence report, the 1998 conviction did in fact belong to his father, not to Petitioner. However, the other three convictions for possession of controlled substances are punishable by more than a year of imprisonment, and thus still provide the basis for a mandatory life sentence. [4] Possession of a Controlled Substance is classified as a Class 4 Felony under Illinois state law, 720 Ill. Comp. Stat. 570/402(c), and is punishable by one to three years' imprisonment, 730 Ill. Comp. Stat. 5/5-4.5-45(a). The fact that Petitioner received only 180 days of incarceration and 42 months of probation for the 2004 conviction does not change the classification of that conviction. *See United States v. Graham*, 315 F.3d 777, 783 (7th Cir. 2003) (sentence of probation does not alter the existence of a prior conviction).

---

[4] To the extent that Petitioner is confused about whether he was represented by counsel in the past proceedings, (Doc. 14 at 7), the presentence report clearly shows that he was represented by counsel in all three cases. (06-cr-40081, Doc. 91 at 12, 13, 14). The report was adopted as amended by the Court, without objection to this portion.

Petitioner also argues that use of the 2004 conviction is problematic because the identity of the controlled substance is unknown. (Doc. 14 at 2). The Court has strong doubts as to the merits of this argument, but even if the 2004 conviction were excluded on that basis, Petitioner makes no similar challenge with respect to the 2003 and 2005 drug convictions, also relied upon for the mandatory life sentence. The 2003 and 2005 convictions, for which Petitioner received more than one year imprisonment each and which Petitioner does not take issue with, are clearly qualified under *Burgess* for purposes of § 841(b)(1)(A). Thus, his mandatory life sentence under § 841 was not improper.

## B. Effect of *Alleyne*

In his Motion to Amend/Supplement Petition filed on July 26, 2013, Petitioner claims that his sentence should be vacated because the Court, not the jury, made a finding that Petitioner had personally distributed fifty grams of crack cocaine. (Doc. 19 at 2).[5] In support of his argument, Petitioner cited to the recent Supreme Court case *Alleyne v. United States*, in which the Court held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to jury." 133 S. Ct. 2151, 2155 (2013). However, this case does not support his argument, as Petitioner received mandatory life imprisonment based on his prior convictions, not the weight of the controlled substances involved. (06-cr-40081, Doc. 26 at 2; 06-cr-40081, Doc. 105 at 41, 62; 06-cr-40081, Doc. 91 at 22). As

---

[5] In this Motion, Petitioner also contends that he is merely a drug user, not a conspirator, (Doc. 19 at 2), and that the judge should determine the amount of drugs attributable to Petitioner individually, (*id.* at 4), both of which could be construed as stand-alone arguments. These claims are procedurally barred, as they are non-constitutional claims that were not raised on direct appeal.

part of the verdict, the jury found Petitioner responsible for fifty or more grams of crack cocaine, (06-cr-40081, Doc. 88 at 4); thus the only remaining predicate for a life sentence was the prior convictions.

In *Apprendi v. New Jersey*, the Supreme Court held that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty or a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (emphasis added). This principal was extended by the *Alleyne* Court to include facts increasing mandatory minimum sentences, and indicated that the fact of a prior conviction remains an exception to the general rule. *Alleyne*, 133 S. Ct. at 2160 & n.1. Thus, the fact of a prior conviction does not have to be alleged in the indictment or submitted to the jury and proved beyond a reasonable doubt to increase the mandatory minimum sentence.

Here, Petitioner was convicted by a jury for conspiracy to distribute fifty grams or more of crack cocaine. Prosecutors properly filed a notice of intent to rely on prior felony drug convictions for sentencing enhancement, and Petitioner has the requisite number of prior felony drug offenses. Therefore, it was not improper for the court to increase Petitioner's sentence as required by 21 U.S.C. § 841(b)(1)(A), and Petitioner's additional arguments about the sentence enhancement fail.

## II.    Speedy Trial Act

Petitioner alleges that his right to a speedy trial was violated because the charges were not brought to trial within the time limit set by the Speedy Trial Act.

(Doc. 1 at 5).[6] Again, as a stand-alone claim, this is likely barred as a non-constitutional issue that was not raised on direct appeal. *Belford*, 975 F.2d at 313. However, because Petitioner raised an ineffective assistance of counsel claim in connection with this issue as well, the Court will briefly discuss the merits of this claim. (Doc. 1 at 13-14).

The Speedy Trial Act provides that the trial of the indicted defendant "shall commence within seventy days from the filing . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, certain exclusions apply. For example, delays resulting from a pretrial motion, or from a continuance granted by a judge accompanied by a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," are excluded from calculating the time within which the trial must commence. 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A). The record reflects that the only time not specifically excluded by this Court was the time between Petitioner's arraignment on August 21, 2006, through the filing of his Motion to Suppress on October 3, 2006, a period of 44 days, and the time between the denial of the Motion to Suppress on January 18, 2007, through February 2, 2007, a period of 15 days, for a total of 59 days. All remaining time was excluded because of either Petitioner's pre-trial motions or specific findings by this Court.

---

[6] Petitioner only alleges that the delay between indictment and trial, if any, violated his statutory right to a speedy trial, not his constitutional right to a speedy trial. The constitutional and statutory rights are distinct. *See United States v. Gearhart*, 576 F.3d 459, 462 (7th Cir. 2009) ("The constitutional right to a speedy trial is both narrower and broader than the corresponding statutory right.").

Therefore, the trial commenced well within the 70 days provided by the Speedy Trial Act and the claim is meritless.

## III.    Ineffective Assistance of Trial Counsel

Petitioner next alleges that he was denied his constitutional right to effective assistance of counsel based on a number of alleged errors on his trial counsel's part. To make a claim for ineffective assistance of counsel, Petitioner must show both that his counsel's performance was deficient, and that he was prejudiced by the deficiency such that the result would have been different without the error. *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). There is a strong presumption that counsel is effective. *E.g., Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000). To satisfy the performance prong of *Strickland*, counsel's performance must fall below an "objective standard of reasonableness under prevailing professional norms." *Shell v. United States*, 448 F.3d 951, 954 (7th Cir. 2006). Counsel cannot be ineffective for failing to raise an argument likely to fail. *Osagiede v. United States*, 543 F.3d 399, 405 (7th Cir. 2008). The prejudice prong requires Petitioner to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Moreover, the court need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Petitioner claims that trial counsel provided ineffective assistance for failure to object to the sentence enhancement during his sentencing hearing. (Doc. 1 at 14).

11

He also argues that trial counsel should have sought dismissal of the indictment because his right to a speedy trial was violated. (Doc. 1 at 5). As noted above, both of these issues were clearly without merit, and Petitioner's counsel was not ineffective for failing to raise them. Petitioner's other ineffective assistance of counsel claims are addressed below.

### A. Suppression of Evidence

Petitioner alleges that his trial counsel failed to pursue suppression of the fruits of his arrest on June 13, 2006. (Doc. 1 at 7). However, the record clearly shows that Petitioner, through his trial counsel, filed a Motion to Suppress Evidence on October 3, 2006, seeking to suppress all evidence seized from Petitioner and all statements made by him to police officers on June 13, 2006. (06-cr-40081, Doc. 11). Respondent filed a response on January 17, 2007. (06-cr-40081, Doc. 13). After a hearing on January 18, 2007, the Court denied his motion and found that the officer had probable cause to arrest Petitioner. (06-cr-40081, Doc. 106 at 2-3). Therefore, Petitioner's claim that trial counsel failed to pursue suppression of the fruits of his arrest is patently frivolous and Petitioner cannot show that his trial counsel provided ineffective assistance in this respect.

### B. Failure to Request Certain Jury Instructions

#### 1. Alibi Instruction

First, Petitioner claims that trial counsel caused him prejudice by failing to request an alibi instruction because Petitioner's theory of defense was that he could not be part of the conspiracy while he was incarcerated. (Doc. 1 at 8). Petitioner also claims that the jury should have been instructed that prosecutors bear the burden

of establishing that he was not in jail on the dates that witnesses testified they purchased drugs from or sold drugs to him. (*Id.*). This argument fails.

"An alibi is a defense based on the physical impossibility of a defendant's guilt by placing the defendant in a location other than the scene of the crime at the relevant time." *United States v. White*, 443 F.3d 582, 587 (7th Cir. 2006) (internal quotation marks omitted). "To convict a defendant of conspiracy, the government must prove that (1) two or more people agreed to commit an unlawful act, and (2) the defendant knowingly and intentionally joined in the agreement." *United States v. Johnson*, 592 F.3d 749, 754 (7th Cir. 2010). Specifically, for a drug distribution conspiracy under 21 U.S.C. § 846, "proof that the defendant knowingly agreed— either implicitly or explicitly—with someone else to distribute drugs" is needed. *Id.* However, proof of an overt act in furtherance of the conspiracy is not required. *United States v. Shabani*, 513 U.S. 10, 11 (1994). For these reasons, an "alibi" during only part of the conspiracy is not truly an alibi, particularly given the fact that no overt act is necessary and the perpetrator need not even be at the scene to be guilty.

In the present case, trial counsel attempted to use alibi evidence to impeach testimony regarding certain drug transactions with which Petitioner was allegedly involved. In fact, the parties stipulated twelve time periods during which Petitioner was incarcerated. (06-cr-40081, Doc. 82). Petitioner insisted that the jury receive a copy of the stipulation during deliberation. (06-cr-40081, Doc. 104 at 95). The stipulation was then read into the record, marked as Defense Exhibit 1, and was given to the jury. (*Id.* at 97). The jury was thereby made aware of the dates of

13

Petitioner's incarcerations. However, the fact that Petitioner was incarcerated for part of the time the conspiracy was ongoing does not mean he is not guilty of conspiracy. The jurors could discount certain testimony and still convict Petitioner of conspiracy if they found Petitioner knowingly and intentionally joined an agreement with other people to distribute drugs. Further, addressing Petitioner's related burden of proof concern, the court did instruct the jury that the burden of proof rests on the government throughout the case. (06-cr-40081, Doc. 85 at 13). Because an alibi instruction would not change the outcome of the trial, Petitioner cannot be prejudiced by trial counsel's failure to request one, even if it were ineffective, and thus his ineffective assistance of counsel claim fails.

### 2. Buyer/Seller Instruction

Second, Petitioner also claims that his counsel failed to request a "buyer/seller" jury instruction.[7] (Doc. 1 at 12-13). A buyer-seller relationship can be a defense to a charge of conspiracy to distribute drugs. Merely purchasing drugs from a conspiracy does not establish membership in the conspiracy. *See United States v. Colon*, 549 F.3d 565, 567 (7th Cir. 2008). However, a buyer/seller

---

[7] Presumably the instruction Petitioner refers to is Seventh Circuit Pattern Criminal Jury Instructions 5.10(A), entitled "Buyer/Seller Relationship," which states as follows:

> A conspiracy requires more than just a buyer-seller relationship between the defendant and another person. In addition, a buyer and seller of [name of drug] do not enter into a conspiracy to [distribute [name of drug]; possess [name of drug] with intent to distribute] simply because the buyer resells the [name of drug] to others, even if the seller knows that the buyer intends to resell the [name of drug].
>
> To establish that a [buyer; seller] knowingly became a member of a conspiracy . . . the government must prove that the buyer and seller had the joint criminal objective of distributing [name of drug] to others.

instruction is appropriate only if "it is supported by the evidence produced at trial." *United States v. Fort*, 998 F.2d 542, 547 (7th Cir. 1993).

Petitioner initially claimed his counsel was ineffective for failing to seek a buyer/seller instruction. However, as pointed out by Respondent, the record clearly shows that trial counsel provided Petitioner with some of the pattern jury instructions, including the buyer/seller instruction, and suggested that submitting the buyer/seller instruction "might be to his benefit." (06-cr-40081, Doc. 104 at 94). Petitioner specifically instructed his trial counsel not to submit the buyer/seller instruction because it might be interpreted as a lesser included offense. (*Id.*) In his Reply, Petitioner changes his argument to be that he would have asked his counsel to submit the buyer/seller instruction had counsel adequately explained it to him, and that was the ineffectiveness. (Doc. 14 at 13-15).[8]

A buyer/seller instruction would have been inappropriate here. Petitioner consistently claimed and continues to insist that he was merely a drug user. (*See, e.g.*, Doc. 1 at 15). Therefore, a buyer/seller instruction would have been inconsistent with Petitioner's defense. The record clearly shows that Petitioner's counsel presented the instruction to Petitioner, and he rejected it. Petitioner cannot now second-guess his choice, and has not alleged any facts that indicate his counsel was ineffective in this area. Therefore, trial counsel did not provide ineffective assistance for failure to request a buyer/seller instruction.

---

[8] Petitioner also makes a confusing argument about an apparent plea offer for a "Buyer/Seller" conviction, but Petitioner's explanation is inadequate to allow the Court to address the claim.

### 3. Cautionary Instructions

Petitioner also claims that his counsel failed to request a cautionary instruction at the time the government's witnesses testified about entering into guilty pleas, and the jury, as a result, used their guilty pleas as evidence against Petitioner. (Doc. 1 at 11). The record shows that the court gave an instruction relating to the testimony of these witnesses prior to jury deliberation, which states:

> You have heard testimony from witnesses who . . . (c) have pleaded guilty to an offense arising out of the same occurrence for which the defendant is now on trial. His/her guilty plea is not to be considered as evidence against the defendant. You may give his/her testimony such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care.

(Doc. 85 at 10). To the extent that Petitioner argues his counsel's failure was in not requesting the cautionary instruction be given at the time those witnesses testified, it may be trial counsel's trial strategy to not draw jury's attention to any adverse evidence. *See United States v. Myers*, 917 F.2d 1008, 1010-11 (7th Cir. 1990) (counsel's failure to request a cautionary instruction which would necessarily have reminded jurors that adverse inference could be drawn against defendant did not amount to ineffective assistance of counsel). Because it is a reasonable strategy to avoid highlighting an adverse inference with a contemporaneous cautionary instruction and because the instruction given prevents any prejudice, trial counsel did not provide ineffective assistance in this respect.

Petitioner also argues that his counsel failed to request a limiting instruction in relation to the evidence of Petitioner's prior offenses. (Doc. 1 at 11-12). Petitioner claims evidence of his previous arrests and incarceration was inflammatory and cites two pages from the trial transcript, but the court finds nothing objectionable

16

on the cited pages or elsewhere in the record. However, the record shows Petitioner had contact with the police on March 27, 2002, May 18, 2004, and June 1, 2006. At trial, the Court admitted testimony regarding Petitioner's prior arrests over his counsel's objection. (Doc. 102 at 60, 85). As the Seventh Circuit ruled on direct appeal, the Court did not err in admitting this testimony. *Adams*, 628 F.3d at 416. Because the evidence was admissible, it was a reasonable trial strategy to not call attention to it with a limiting instruction. *United States v. Gregory*, 74 F.3d 819, 823 (7th Cir. 1996). ("[T]he decision not to request a limiting instruction is solidly within the accepted range of strategic tactics employed by trial lawyers in the mitigation of damning evidence."). "If the lawyer cannot stop the evidence from being admitted, it is perfectly rational to decide not to draw further attention to it by requesting a motion for limiting instruction." *Id.* Therefore, failure to request a limiting instruction does not prove deficient performance by trial counsel. As such, Petitioner's ineffective assistance claim on this ground fails.

### C. Failure to Object to Jury Panel

Petitioner claims that his counsel failed to object to the absence of any African American individuals on the jury panel, thus denying him a trial by a jury of his peers. (Doc. 1 at 9). The Sixth Amendment requires jurors be chosen from a fair cross-section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 530 (1975). Petitioner is not entitled to a jury of any particular composition, but the jury pools "must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." *Id.* However, "the makeup of any given

venire is not significant, provided all rules for selection have been observed." *United States v. Duff*, 76 F.3d 122, 125 (7th Cir. 1996).

The Jury Selection and Services Act, 28 U.S.C. §§ 1862–1878, sets forth the procedures for jury selection, and provides Petitioner ample means to discover whether the jury panel represents the community from which it is drawn and whether the court is using proper procedures. Yet, Petitioner made no attempts to show the methods this Court used to select the jury were in violation of this Act.

Furthermore, Petitioner completely fails to establish a prima facie case that his Sixth Amendment right to a jury drawn from a fair cross-section of the community was violated. To make such a showing, Petitioner must show:

> 1) that the group alleged to be excluded is a "distinctive" group in the community; 2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the numbers of such persons in the community; and 3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979). There can be no dispute that African Americans are a distinct group in the community and cannot be excluded from the venire. *United States v. Phillips*, 239 F.3d 829, 842 (7th Cir. 2001). However, Petitioner failed to establish that the representation of African Americans in the venire from which his jury was selected was not fair and reasonable in relation to the number of such persons in the community. Petitioner also failed to demonstrate any type of systematic exclusion in the jury selection process. The "mere observation that there were no African-Americans on a panel that was drawn from a population containing African-Americans simply is not sufficient to demonstrate any systematic exclusion." *United States v. Guy*, 924 F.2d 702, 706 (7th Cir. 1991). In

short, the jury composition claim that Petitioner believed his counsel should have raised does not indicate any deficient performance, and there is no hint of prejudice to Petitioner. This claim fails.

### D. Failure to Object to Indictment

Petitioner claims that counsel failed to move to dismiss the indictment, which he should have done because Count II does not identify the date when the conspiracy commenced or the names of coconspirators. (Doc. 1 at 9-10). Rule 7(c)(1) of the Federal Rule of Criminal Procedure requires that an indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The function of an indictment is to 1) "state all of the elements of the crime charged," 2) "adequately apprise the defendant of the nature of the charges so that he may prepare a defense," and 3) "allow the defendant to plead the judgment as a bar to any future prosecutions for the same offense." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000). For conspiracy charges brought under 21 U.S.C. § 846, the Seventh Circuit has held that an indictment is sufficient if it "alleges a conspiracy to distribute drugs, the time during which the conspiracy was operative, and the statute allegedly violated." *United States v. Spears*, 965 F.2d 262, 279 (7th Cir. 1992); *see also United States v. Cox*, 536 F.3d 723, 727-28 (7th Cir. 2008). Further, "[b]ecause it is the grand jury's statement of the existence of the conspiracy agreement rather than the identity of the parties to the agreement that puts the defendant on notice of the charge he must be prepared to meet, an indictment need not name coconspirators." *United States v. Payton*, 328 F.3d 910, 911 (7th Cir. 2003).

The Superseding Indictment in this case sufficiently informed Petitioner of the nature of the offense of which he was charged and set forth the charge in a manner sufficient to allow the preparation of a defense. Count II of the Superseding Indictment alleged a conspiracy to distribute more than fifty grams of crack from at least 2001 through June 13, 2006, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Doc. 18 at 2). It identified the nature of the charge, the time frame during which the conspiracy was operative, and the statute allegedly violated, and is therefore sufficient. Any motion by counsel to dismiss Count II on this basis would have been futile. Thus, trial counsel did not provide ineffective assistance by not seeking dismissal of the Superseding Indictment.

### E. Failure to Object to Hearsay Evidence

#### 1. Coconspirator Testimony

Petitioner contends that trial counsel failed to strike the testimony of government witnesses presented as his coconspirators, who had been indicted in other cases, but not in his own case. (Doc. 1 at 10; Doc. 14 at 17). His argument is apparently based on an erroneous belief that testimony of coconspirators not charged in the same indictment that would otherwise be hearsay is not admissible against him under the party admission rule. *See United States v. Ziperstein*, 601 F.2d 281, 294 (7th Cir. 1979) ("[C]o-conspirators need not to be indicted, and A fortiori need not be named, for the exception to be applicable.").

In order for the statements of coconspirators to be admitted against Petitioner under Rule 801(d)(2)(E) of the Federal Rules of Evidence, the prosecutor only had to establish by a preponderance of evidence that: 1) a conspiracy to violate

the law existed; 2) the declarants and Petitioner were members of the conspiracy; and 3) the statements were made in furtherance of the conspiracy. *See United States v. Powers*, 75 F.3d 335, 339 (7th Cir. 1996). Petitioner insists that he should have been charged with his alleged coconspirators in one indictment. However, there is no requirement that all conspirators be charged in one indictment. Therefore, the mere fact that these witnesses were charged in a separate indictment does not constitute grounds to "strike" their testimony or make Rule 801(d)(2)(E) inapplicable, and any claim by trial counsel on that basis would have failed. Petitioner's ineffective assistance of counsel claim on this ground is without merit.

### 2. Other Hearsay

In his § 2255 Motion, Petitioner argued that his counsel failed to object to hearsay testimony, without more detail. (Doc. 1 at 12). The Court ordered Petitioner to provide further facts related to this claim. (Doc. 4 at 3). Petitioner accordingly provided witness names and cites to specific pages of testimony wherein he alleges his counsel should have objected. (Doc. 6 at 1-2).

As to the testimony of Officer Chad Broderson[9] and Lieutenant Darren Gault[10] regarding information provided by confidential informants, which Petitioner challenges, the trial record clearly shows that Petitioner's counsel raised objections. (06-cr-40081, Doc. 102 at 15-16, 60). Thus, Petitioner is mistaken in claiming his

---

[9] Officer Chad Broderson testified that a confidential informant told him Petitioner had drugs on his person, which led to a search while Petitioner was in a booking cell on June 13, 2006. (06-cr-40081, Doc. 102 at 16).

[10] Lt. Darren Gault testified that he received information from a confidential informant regarding Petitioner's drug activities, which led to a traffic stop on June 1, 2006. (*Id.* at 60).

counsel did not object, and there is no evidence of deficient performance by trial counsel in this respect.

As to Officer Jim Weakley's testimony regarding a call he received on his radio after he put Petitioner in the booking cell on June 13, 2006, (06-cr-40081, Doc. 102 at 9), Petitioner is correct that trial counsel failed to object to the statement, but it likely would not have been inadmissible hearsay. It was not used for the truth of the matter asserted, but to explain Officer Weakley's subsequent actions. Even if it was improper hearsay, counsel was not ineffective for failing to object to it, and Petitioner is unable to show prejudice because "the evidence was overwhelming that [Petitioner] possessed crack on June 13, 2006." *Adams*, 628 F.3d at 417.

Petitioner also claims that trial counsel failed to object when Maurice Gibson and William Neal were testifying about their interactions with Petitioner, citing specific pages of the record. (Doc. 6 at 1-2). Gibson made mention of what a state court judge said to Petitioner, (06-cr-40081, Doc. 103 at 67), and the fact that Petitioner was renting cars, which he learned from an out-of-court statement (*id.* at 81). Neither of these statements inculpate Petitioner on the charge of conspiracy or possessing crack with the intent to distribute, and in fact the Court does not see how these statements are at all material. The Court also does not find any hearsay on the page of Neal's testimony that Petitioner cites. (*See* 06-cr-40081, Doc. 103 at 214). Thus, Petitioner cannot show prejudice from his counsel's failure to object to such hearsay statements. For these reasons, Petitioner's claim that he received ineffective assistance of counsel based on the failure to object to the cited testimony is without merit.

### F.  Failure to Object to Stipulation Instruction

Petitioner argues that his counsel failed to object to the trial court's jury instruction that a stipulation was binding on them as a fact. It is well-settled that "[j]udicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them." *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995). Stipulations may not be controverted at trial or on appeal. *Id.* Indeed, they are "not evidence at all but rather have the effect of withdrawing a fact from contention." *Id.* (internal quotation marks omitted).

During trial, the court instructed the jury that:

> [A] stipulation . . . means simply that [the Government and the defendant] both agree that there is no . . . disagreement over these facts. So therefore there is no need for evidence by either side with reference to these facts. You must accept this stipulation as fact even though nothing is said about it one way or the other because these parties agreed that these facts are true.

(06-cr-40081, Doc. 102 at 54). Petitioner's counsel would have had no ground to object to the above instruction, as it reflects the law on stipulations. Thus, there was no ineffective assistance of counsel.

### G.  Challenges to Drug Evidence

Petitioner claims that his counsel erred in failing to object to the purity level or weight of drug evidence and stipulating to the fact that the controlled substance was "crack." (Doc. 1 at 13, 15). Petitioner attached a copy of the drug stipulation and a laboratory report.[11] (*Id.* at 16, 17).

---

[11] Petitioner contends that the lab report analysis he obtained from an independent chemist contradicted the stipulation. However, nowhere in the report does it state

As noted above, stipulations are binding upon the party making them and may not be controverted at trial or on appeal. *Keller,* 58 F.3d at 1198 n.8. Because Petitioner's defense at trial was that he was a crack user, not a conspirator or distributor, it was reasonable that Petitioner stipulated to the drug evidence. Petitioner reviewed the stipulations and signed them voluntarily. During trial, the Court discussed the stipulations with Petitioner and made sure he understood the effect of the stipulations he signed. (06-cr-40081, Doc. 102 at 51-52). Petitioner cannot now argue that his counsel failed to object to the stipulation that Petitioner voluntarily made.[12]

## IV.  Lack of Notice of the Criminal Conduct Prohibited

Petitioner claims that he was not on notice of the criminal conduct prohibited by 21 U.S.C. § 841, under which he was convicted, because the statute uses grams and kilograms as units of measurement, and he was unfamiliar with grams and kilograms. (Doc. 1 at 13). He therefore claims that he was denied due process.

Due process requires that a criminal statute give notice of the conduct that is prohibited in order for individuals to be convicted for such conduct. *See, e.g., Bouie v. City of Columbia*, 378 U.S. 347, 350-51 (1964). However, Petitioner has not suffered a violation of this due process requirement. Petitioner only claims that he was not familiar with the metric system used by the statute. He does not allege that he did not know the illegality of the conduct for which he was charged and convicted. It is a

---

the controlled substances were powder, not crack, as Petitioner contends. (Doc. 1 at 17).
[12] It is worth noting that given the complete lack of merit of each of Petitioner's ineffective assistance of counsel claims independently, the "errors" taken together also fail to demonstrate any cumulative ineffective assistance of counsel.

fundamental maxim that "ignorance of the law . . . is no defense to criminal prosecution." *Cheek v. United States*, 498 U.S. 192, 199 (1991); *see also United States v. Bryza*, 522 F.2d 414, 423 (7th Cir. 1975) ("[E]very man is presumed to know the law.").

Further, the exceptions to this general rule do not apply here. For example, the law does not require, as part of its mens rea element, proof of a defendant's knowledge of the legal duty. "The elements of possession with intent to distribute under 21 U.S.C. § 841(a)(1) are: 1) possession of a controlled substance; 2) knowledge that the material is a controlled substance; and 3) intent to distribute it." *United States v. Jones*, 248 F.3d 671, 675 (7th Cir. 2001). Accordingly, 21 U.S.C. § 841(a)(1) does not require a showing that defendant knows the law or the metric systems the law uses. Petitioner does not allege that the statute was not in force at the time of the actions leading to the possession charge and conviction, and so cannot argue that he was not "on notice" of the possibility of a criminal charge or that he could not have discovered the drug weights that create varying criminal liability. Therefore, Petitioner is plainly not entitled to relief, as there was no due process violation.

## V.      Ineffective Assistance of Appellate Counsel

As explained above, ineffective assistance of counsel claims require Petitioner to establish that his counsel's performance fell below an objective standard of reasonableness, and that he suffered actual prejudice. *Strickland*, 466 U.S. at 687-88. An appellate counsel's performance is objectively deficient if he or she fails to argue an issue that is "both obvious and clearly stronger" than the issue actually

raised on appeal. *Winters v. Miller*, 274 F.3d 1161, 1167 (7th Cir. 2001). Furthermore, appellate counsel need not raise every issue a defendant wants him to raise. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Petitioner claims that his appellate counsel provided ineffective assistance by failing to argue that Petitioner's prior convictions did not qualify him for a life sentence. (Doc. 1 at 18). As concluded above, Petitioner's prior convictions for possession of controlled substances clearly amount to prior "felony drug offenses" for purpose of 21 U.S.C. § 841(b)(1)(A). Petitioner had at least two drug convictions that were punishable by more than one year of imprisonment under Illinois law, and therefore imposition of a life sentence was proper. However, Petitioner wanted his appellate counsel to argue that the prior convictions did not quality him for enhancement. It was well within the spectrum of the appellate counsel's tactical choices to not bring this argument, which was entirely without merit. If his counsel had raised this issue on appeal, it would not have changed the outcome of the appeal. Unable to show either deficient performance or prejudice from appellate counsel's failure to raise the enhancement issue, Petitioner's ineffective assistance of appellate counsel claim fails.

## VI.   Conflict of Interest

Petitioner claims that he was denied the Sixth Amendment right to the assistance of counsel due to a conflict of interest. (Doc. 1 at 20). In support of his claim, Petitioner listed several instances in which he was unhappy with his counsel's representation, including that his counsel previously represented one individual who was on the government's witness list.

Counsel has a duty to avoid conflicts of interest under the Sixth Amendment. *Strickland*, 466 U.S. at 688. However, to succeed in his claim, Petitioner must demonstrate that "a conflict of interest actually affected the adequacy of his representation," as aposed to "a mere theoretical division of loyalties." *Mickens v. Taylor*, 535 U.S. 162, 171 (2002) (internal quotation marks omitted). Though Petitioner's trial counsel had represented an individual who was initially on the government's witness list, as the Court explained in the pre-trial hearing, as the government had no intention of actually calling that witness, there was no conflict of interest. (Doc. 108 at 14). Thus, Petitioner fails to show a conflict of interest claim from this, as the witness was never called.

Petitioner's other arguments merely voice his displeasure with his counsel.[13] "The Sixth Amendment does not guarantee a friendly and happy attorney-client relationship." *United States v. Mutuc*, 349 F.3d 930, 934 (7th Cir. 2003); *see also Morris v. Slappy*, 461 U.S. 1, 13-14 (1983) (holding that the Sixth Amendment does not guarantee a "meaningful" attorney-client relationship). The fact that Petitioner and his counsel may not have gotten along does not mean that counsel did not zealously represent him. Although there may have been disagreements between Petitioner and his counsel, such disagreement does not render counsel's performance objectively unreasonable, and does not show a conflict of interest. As much of the analysis in this Order demonstrates, Petitioner had competent counsel. Therefore, Petitioner's conflict of interest claim fails as well.

---

[13] It seems Petitioner may not understand that "conflict" with an attorney is not the same thing as a "conflict of interest," which is a term of art.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the Court "must issue or deny a certificate of appealability when it enters an order adverse to the applicant." A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an application must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the district court denies the certificate, a petitioner may request that a circuit judge issue one. Fed. R. App. P. 22(b)(1). Based upon the record before it, the Court cannot find that reasonable jurists would debate that Petitioner's claims are without merit. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's Motion to Supplement (Doc. 19) is granted, but the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc.1) is DENIED, and the Court DECLINES to issue a certificate of appealability.

CASE TERMINATED.

Entered this <u>16th</u> day of August, 2013.

s/ Joe B. McDade
_____
JOE BILLY McDADE
United States Senior District Judge
