## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| JESSE CHARLES ADAMS, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No.   12-cv-4091 |

## O R D E R  &  O P I N I O N

Before the Court is Petitioner's Motion to Reconsider (Doc. 22), in which he challenges the Court's denial of his § 2255 Motion. He brings his motion pursuant to Federal Rule of Civil Procedure 59(e), though this rule is not technically applicable, because although the final order denying Petitioner's § 2255 Motion was entered on August 16, 2013, (Doc. 21), the Clerk has not yet entered a judgment in the case. Thus, Petitioner cannot seek to alter or amend the judgment pursuant to Rule 59(e) because it has not yet been entered. As such, the Court considers Petitioner's Motion as a motion for relief from an order pursuant to Rule 60(b).[1] However, assuming Petitioner would again challenge the forthcoming judgment pursuant to Rule 59(e) on the grounds raised in his Motion, the Court additionally analyzes his arguments under that standard.

---

[1] The Court notes that a Rule 60(b) motion challenging the denial of a § 2255 motion is often construed as a successive collateral attack. *See Curry v. United States*, 307 F.3d 664, 665-66 (7th Cir. 2002). However, the Court finds analysis under the Rule 60(b) standard is appropriate and that the Motion should not be construed as a successive § 2255 motion, particularly because Petitioner could still have even sought leave to amend his petition, as final judgment has not yet been entered.

Under Rule 60(b), a party may seek relief from a final judgment or order for any one of the listed reasons. Fed. R. Civ. P. 60(b). The Court does not find any of the specific grounds in 60(b)(1)–(5) to apply, and so analyzes Petitioner's Motion as seeking redress under the catch-all provision, for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A movant seeking relief under that provision must show "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *see also McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) ("Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." (internal quotation marks omitted)).

In the present Motion to Reconsider, Petitioner argues that there was insufficient evidence of a conspiracy to distribute cocaine in his case and that simply buying drugs does not mean he was part of the conspiracy. He argues that the cases of *United States v. Colon*, 549 F.3d 565 (7th Cir. 2008), and *United States v. Johnson*, 592 F.3d 749 (7th Cir. 2009), involve similar facts and that in those cases, the court found the evidence insufficient for a conspiracy conviction. Specifically, where there is only evidence of purchasing drugs from a conspirator, even repeatedly and on standard terms, that is insufficient to prove involvement in the conspiracy. *Colon*, 549 F.3d at 567-68.

Petitioner has not shown extraordinary or exceptional circumstances that justify relief from the previous Order. Though Petitioner's current argument was not raised in this form in his § 2255 Motion, the related argument that his counsel was ineffective for failing to request a buyer/seller instruction, or alternatively for failing to explain such an instruction to him, was rejected. (Doc. 21 at 14-15). The

2

argument he makes now, essentially that his conviction is invalid for insufficient evidence of involvement in the conspiracy, would have been found procedurally defaulted had he raised it in his § 2255 Motion. Because a § 2255 motion is not a substitute for appeal, a petitioner cannot bring claims that could have been, but were not, raised on direct appeal absent a showing of cause and prejudice. *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). Thus, even if he had raised the argument before his § 2255 Motion was denied, it would not have changed the outcome. Accordingly, Petitioner has not made a showing that extraordinary circumstances entitle him to relief from the Order.

If final judgment had been entered and Petitioner's Motion were properly one pursuant to Rule 59(e), it would still be denied. Though the standard that applies to Rule 59(e) motions is less stringent than that which applies to Rule 60(b) motions, it is still a difficult standard to meet. A motion to alter or amend a judgment filed pursuant to Rule 59(e) may only be granted if a movant clearly establishes that the court made a manifest error of law or fact, or presents newly discovered evidence. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). A manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted). A movant may not advance in a Rule 59(e) motion arguments he should have raised before judgment was entered. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007).

Petitioner cannot satisfy the Rule 59(e) standard either. Though the Court did not analyze the present version of Petitioner's argument in its Order denying his Petition, the Court did not disregard or misapply the cases he now cites. Petitioner also points to no new evidence that would justify amending the judgment. As noted above, Petitioner should have made the argument he makes now in his initial § 2255 Motion, and may not raise them for the first time here. Further, even if he had raised them earlier, these arguments are procedurally defaulted for failing to raise them on appeal. Even giving Petitioner the benefit of every doubt and assuming he could show cause and prejudice for his procedural default, there was ample evidence presented at trial from which the jury could find an agreement to join the conspiracy, beyond the mere fact of purchases from conspiracy members. There was evidence presented showing multiple purchases on credit, frequent large purchases, and testimony from co-conspirators about sharing profits and extensive and ongoing operations together. Thus, even as a Rule 59(e) motion, Petitioner's request for reconsideration would be denied.

Accordingly, Petitioner's Motion for Reconsideration (Doc. 22) is DENIED. The Clerk is DIRECTED to prepare and enter a final judgment stating his § 2255 Motion was denied. IT IS SO ORDERED.

Entered this <u>1st</u> day of October, 2013.

                                              s/ Joe B. McDade
                                              JOE BILLY McDADE
                                      United States Senior District Judge